FENNEMORE CRAIG, P.C.
Anthony R. Ager
Nevada State Bar No. 7969
Christopher P. Staring
Arizona State Bar No. 011110
Admitted *pro hac vice*
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
E-mail: aager@fclaw.com
E-mail: cstaring@fclaw.com

Attorneys for Defendant
Standard Insurance Company

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GARY FLORES, | Case No. 3:09-cv-00501-LRH-RAM |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| STANDARD INSURANCE COMPANY, an Oregon corporation; and DOES 1-30 inclusive. | |
| Defendant. | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material claimed by the parties to be confidential, and ensure that protection is afforded only to material so designated, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), it is hereby ORDERED:

1. "Confidential" Documents. This order shall govern all documents produced or exchanged subsequent to the entry of this Order that are stamped or otherwise marked with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

. . .

. . .

FENNEMORE CRAIG, P.C.
TUCSON

5248620

2. Scope of "Confidential" Designation. The special treatment accorded to documents designated "Confidential" under this Order shall reach:

    a) All documents previously or hereafter designated "Confidential";

    b) All copies, extracts, and complete or partial summaries prepared from such documents;

    c) Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and

    d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries.

3. Permissible Disclosure of "Confidential" Documents. Except with prior written consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated "Confidential," and all information contained therein or derived therefrom, may not be disclosed to any person other than:

    a) The parties to this action;

    b) Counsel of record for the parties in this action;

    c) Secretaries, paralegal assistants, and other employees of such counsel who are assisting in the prosecution and/or defense of this action;

    d) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning this case. In no event, however, shall disclosure be made under this subparagraph to any witness who is or has been employed by or associated with any competitor or customer of the defendants unless the "Confidential" documents in question were written by, seen by or copied to said witness.

    e) Outside consultants and experts solely retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action;

. . .

f) Any person designated by the Court in the interests of justice, upon such terms as the Court may deem proper; and

g) This Order shall not be construed in any manner to preclude free access by any individual to any hearing, trial or any other matter heard in open court. Neither will this Order be construed as a waiver of any objection or argument concerning the presence of anyone at a hearing, trial or other matter heard in open court.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this Order or any of these documents' content, except as expressly authorized by this Order.

4. **Review of Party's Own "Confidential" Documents.** The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "Confidential" documents.

5. **Certification of Compliance.** Except for persons identified in subparagraphs 3(a)-(c) above, no person authorized under the terms of this Order to receive access to "Confidential" documents shall be granted access to them until such person has read this Order and agreed in writing to be bound by it. Such written agreement must contain (a) a recital that the signatory has read and understands this Order; (b) a recital that the signatory understands that unauthorized disclosures of the "Confidential" documents constitute contempt of this Court; and (c) a statement that the signatory consents to the exercise of personal jurisdiction by this Court. Upon order of this Court, for good cause shown, these written agreements shall be available for inspection by counsel for other parties or nonparties, but the provision regarding disclosure to opposing counsel shall not apply to those described in subparagraph 3(e) who will not testify until the conclusion of this litigation.

6. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to,

preservation of, and distribution of copies of "Confidential" documents. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

7. Use of "Confidential" Documents at Depositions. A deponent may, during the deposition, be shown and examined about "Confidential" documents if the deponent is or was an employee of the party producing such document, or if the provisions of paragraph 5 are met. Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

8. Designating Portions of Deposition Transcripts "Confidential." Any party or nonparty may, within 15 calendar days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as being "Confidential." At deposition, the parties will attempt in good faith to preliminarily identify and designate "Confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 15 calendar day period, the entire deposition transcript, and all exhibits thereto, will be treated as "Confidential" under the provisions of this Order. If no party or nonparty timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so

FENNEMORE CRAIG, P.C.
TUCSON

5248620

- 4 -

marked, and shall be treated as "Confidential" under the provisions of this Order.

9. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. Any party or non-party seeking to file or submit any "Confidential" document as part of the court record shall make a good faith effort to obtain leave to file the document under seal, and shall afford all other parties sufficient notice to permit them to be heard on the question of whether the document shall be sealed.

    a) If the Court grants a party leave to file or submit a filing under seal, the parties agree to send full and complete copies of the sealed filing, with all exhibits, electronically as soon as reasonably possible to the other party, as well as mailing, via first class mail or comparable means, a paper copy of the entire filing, including exhibits.

10. Use of "Confidential" Documents in Court. Documents designated "Confidential," and all information contained therein or derived therefrom, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that:

    a) Sufficient advance notice is given to permit the designating party or nonparty to seek additional protections or relief from the Court if desired; and

    b) The "Confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "Confidential" and separately filed under seal with the Clerk of Court.

11. Litigation Use Only. All "Confidential" documents produced in this litigation, whether by a party or nonparty, and whether pursuant to Federal Civil Rule 34, subpoena, agreement, or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

12. **Declassification.** Any party may apply to the Court for a ruling that a document (or category of documents) stamped "Confidential" is not entitled to such status and protection. The party that designated the document as "Confidential" shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

13. **Non Termination and Return of Documents.** The provisions of this Order shall continue to apply to all "Confidential" documents and information after this action has been terminated. Upon termination of this action, including all appeals, the parties shall return all "Confidential" documents to the producing party, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court. "Confidential" documents that are subsequently marked with attorney work product (e.g., notes of counsel) shall be destroyed by the party claiming the work-product privilege. The destroying party shall provide a declaration that the documents containing attorney work-product have been destroyed. Alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction.

14. **Subpoena By Other Courts Or Agencies.** If another court or an administrative agency subpoenas or orders production of "Confidential" documents that a party has obtained under the terms of this Order, such party shall promptly notify the party who designated the document as confidential of the service of such subpoena or order, and provide that party with sufficient time in which to object.

15. **No Admissions.** Nothing contained in this Order, nor any action taken in compliance with it, shall:

a) Operate as an admission by any party that any particular document or information is, or is not, confidential;

        b)     Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of this action.

16.    Interim Protection. "Confidential" documents produced by any party or nonparty through discovery in this action prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court, unless the Court otherwise directs.

DATED this   12th   day of February, 2010

_____
U.S. MAGISTRATE JUDGE

Respectfully submitted by:

/s/Anthony R. Ager
_____

FENNEMORE CRAIG, P.C.
Anthony R. Ager
Nevada State Bar No. 7969
Christopher P. Staring
Arizona State Bar No. 011110
Admitted *pro hac vice*
300 S. Fourth Street, Suite 1400
Las Vegas, NV  89101
Telephone:  (702) 692-8000
Facsimile:  (702) 692-8099
E-mail:  aager@fclaw.com
E-mail:  cstaring@fclaw.com